# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1205V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JAMIE MYERS, | * | |
| *parent of A.C., a minor*, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Filed: December 5, 2024 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Edward Kraus,* Kraus Law Group, LLC, for Petitioner.

*Juliana Kober*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On April 14, 2021, Jamie Myers ("Petitioner") filed a petition on behalf of her minor child, A.C., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleges that an influenza ("flu") vaccine administered to A.C. on November 5, 2018, caused her to experience rhabdomyolysis ("rhabdo") and amplified musculoskeletal pain syndrome ("AMPS"). An entitlement hearing was held on May 13, 2024, and the matter is still pending resolution.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated November 10, 2024 (ECF No. 68) ("Interim Fees Mot."). It is the first fees request made in this action. Petitioner requests a total of $141,391.34, reflecting $108,205.60 in fees incurred for the services of attorneys Edward Kraus, Amy Kraus, and Brynna Gang, plus their paralegals, and

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

$33,185.70 in costs. Interim Fees Mot. at 1-2. Respondent reacted to the final fees request on November 19, 2024. Response, dated November 19, 2024 (ECF No. 69) ("Response"). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Response at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$141,391.30**.[3]

## ANALYSIS

### I.   Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have not yet decided entitlement in this matter, but interim requests are subject to this same reasonable basis analysis.

I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely. A claim's reasonable basis[4] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

---

[3] Petitioner requests $141,391.34, but the sum of fees and costs is 4 cents less than this. I will therefore award $141,391.30.

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs*., 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward objective evidentiary support for her claim, and the question of whether A.C.'s rhabdo

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

was vaccine-caused was legitimately disputed. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for over three years, expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to permit interim fees once a hearing (a time-consuming endeavor) has concluded. And no other circumstances exist that make an interim award inappropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| **Attorney** | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Mr. Edward Kraus** | $418.00 | $435.00 | $458.00 | $472.00 | $497.00 | $525.00 |
| **Ms. Amy Kraus** | $334.00 | $365.00 | __ | $414.00 | __ | $460.00 |
| **Ms. Brynna Gang** | __ | $300.00 | $325.00 | $350.00 | $390.00 | $412.00 |
| **Paralegal** | $145.00 | $160.00 | $170.00 | $170.00 | $165.00 | $175.00 & $186.00 |

Interim Fees Mot. at 2.

Mr. Kraus, Ms. Kraus, and Ms. Gang practice in Chicago, IL—a jurisdiction that has been deemed "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch. See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The requested rates are also consistent with what has previously been awarded them in accordance with the Office of Special Masters' fee schedule.[6] *Antalosky v. Sec'y of Health & Hum. Servs.*, No. 16-701V, 2024 WL 3913517 (Fed. Cl. Spec. Mstr. July 18, 2024); *A.F. v. Sec'y of Health & Hum. Servs.*, No. 19-446V, 2023 WL 2137977 (Fed. Cl. Spec. Mstr. Feb. 21, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $33,185.70 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, M. Eric Gershwin, M.D. Interim Fees Mot. at 5-73. Dr. Gershwin prepared two written reports and testified on behalf of Petitioner. He submitted six invoices for a total of $31,125 (at an hourly rate of $500 for 52.25 hours of work), with an initial retainer fee of $5,000 and a trial retainer fee of $5,000.00. *Id.* at 61-71. The basic litigation costs and costs associated with Dr. Gershwin's work are reasonable herein, and I find the amount of time billed by Dr. Gershwin to be reasonable as well. Thus, all requested costs shall be awarded without reduction.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Dec. 4, 2024).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of $141,391.30 reflecting $108.205.60 in attorney's fees and $33,185.70 in costs in the form of a check made jointly payable to Petitioner and her attorneys.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.