# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1205V

* * * * * * * * * * * * * * * * * * * * * * * *
JAMIE MYERS,
*parent of A.C., a minor*,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed:  August 13, 2025

*Edward Kraus,* Kraus Law Group, LLC, for Petitioner.

*Juliana Kober*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 14, 2021, Jamie Myers filed a petition on behalf of her minor child, A.C., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleged that an influenza vaccine administered to A.C. on November 5, 2018, caused her to experience rhabdomyolysis ("rhabdo") and amplified musculoskeletal pain syndrome. A decision denying entitlement was entered on January 2, 2025, and it was not appealed. *See* Decision, dated Jan. 2, 2025 (ECF No.73).

Petitioner previously obtained an interim award of attorney's fees and costs in December 2024. *See* Decision—Interim Attorney's Fees and Costs, dated Dec. 5, 2024 (ECF No. 70) ("Interim Fees Decision"). Petitioner has now filed a motion for a final award of attorney's fees

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id."*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

and costs. Motion, dated July 1, 2025 (ECF No. 78) ("Final Fees Mot."). Petitioner requests a total of $3,279.40 in additional fees incurred for the services of attorney Edward Kraus and his associates. Final Fees Mot. at 1. Neither Petitioner nor Petitioner's counsel have incurred additional costs in this matter. *Id.* Respondent reacted to the fees request on July 14, 2025. *See* Response, dated July 14, 2025 (ECF No. 79) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees in the total amount of **$3,279.40**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

As noted above, Petitioner was permitted interim fees and costs in this matter, thus implicitly suggesting the claim possessed reasonable basis as of at least that prior date. Although Petitioner's claim was ultimately unsuccessful, I still find that Petitioner put forward objective evidentiary support for her claim. Moreover, the question of whether A.C.'s rhabdo was vaccine-caused was legitimately disputed. Accordingly, and given my awareness that the bar for reasonable basis is set quite low, I will allow a final fees award herein.

## II.     Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters, and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

| Attorney | 2024 | 2025 |
|---|---|---|
| Mr. Edward Kraus | $564.00 | $564.00 |
| Ms. Amy Kraus | $460.00 | $494.00 |
| Ms. Brynna Gang | $412.00 | $443.00 |
| Paralegal | $175.00 | $180.00 |

Final Fees Mot., Tab A at 1–2.

Mr. Kraus, Mrs. Kraus, and Ms. Gang practice in Chicago, IL—a jurisdiction that has been deemed "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch*. *See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The requested rates are also consistent with what has previously been awarded them in accordance with the Office of Special Masters' fee schedule.[5] *Riley v. Sec'y of Health & Hum. Servs.*, No. 22-0878V, 2025 WL 2049736 (Fed. Cl. Spec. Mstr. June 18, 2025); *Antalosky v. Sec'y of Health & Hum. Servs.*, No. 16-701V, 2024 WL 3913517 (Fed. Cl. Spec. Mstr. July 18, 2024); *A.F. v. Sec'y of Health & Hum. Servs.*, No. 19-446V, 2023 WL 2137977 (Fed. Cl. Spec. Mstr. Feb. 21, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded $3,279.40, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 13, 2025).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.